# Exhibit "C"

3/6/2016 1:15:48 PM
Chris Daniel - District Clerk Harris County
Envelope No. 9455116
By: Krystal Franklin
Filed: 3/7/2016 12:00:00 AM

**2016-14489 / Court: 190**

NO. _____

| | | |
|---|---|---|
| SU CHANG, | § § § | IN THE DISTRICT COURT OF |
| Plaintiff, | § § | |
| VS. | § § | HARRIS COUNTY, TEXAS |
| UNITED PROPERTY & CASUALTY INSURANCE COMPANY, | § § § § | |
| Defendant. | § | _____ DISTRICT COURT |

**PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND,
AND REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Su Chang ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of United Property & Casualty Insurance Company ("UPC" or "Defendant") and for cause of action, Plaintiff respectfully shows the following:

**DISCOVERY CONTROL PLAN**

1. Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

**PARTIES**

2. Plaintiff, Su Chang, resides in Harris County, Texas.

3. Defendant, United Property & Casualty Insurance Company, is a Texas insurance company, engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon United Property & Casualty Insurance Company through its registered agent for service, **C T Corporation System, 1999 Bryan Street, Suite 900,**

**Dallas, Texas, 75201-3136**. Plaintiff requests service at this time.

## JURISDICTION

4. The Court has jurisdiction over United Property & Casualty Insurance Company because UPC engages in the business of insurance in the State of Texas, and the causes of action arise out of UPC's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

## VENUE

5. Venue is proper in Harris County, Texas, because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

## FACTS

6. Plaintiff asserts claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

7. Plaintiff owns a United Property & Casualty Insurance Company homeowner's insurance policy, number UTH 0120366 00 42 ("the Policy"), which was issued by UPC. At all relevant times, Plaintiff owned the insured premises located at 2516 South Blvd #2516A Houston, TX 77098 ("the Property").

8. UPC, through its agent, Primax, sold the Policy, insuring the Property, to Plaintiff. UPC represented to Plaintiff that the Policy included hail and windstorm coverage for damage to Plaintiff's home.

9. On or about May 25, 2015, the Property sustained extensive damage resulting from a severe storm that passed through the Houston, Texas area.

Certified Document Number: 69277919 - Page 2 of 14

10. In the aftermath of the hail and windstorm, Plaintiff submitted a claim to UPC against the Policy for damage to the Property. UPC assigned claim number 2015TX020149 to Plaintiff's claim.

11. Plaintiff asked UPC to cover the cost of damage to the Property pursuant to the Policy.

12. UPC hired or assigned its agent, Heather Robinson, to inspect and adjust the claim. UPC's agent conducted an inspection of the insured's property. UPC's agent's inspection generated an estimate of damages that purported $1,799.41 in damages. This final estimate left Plaintiff without adequate recovery to complete proper repairs on Plaintiff's home.

13. To date, Plaintiff has received no recovery from UPC related to the claim.

14. UPC, conducted a substandard and improper inspection of the Property, which grossly undervalued the cost of repairs in its estimate and yielded an unrealistic amount to deny coverage.

15. UPC has ultimately refused any additional coverage which includes, but is not limited to, repair of the roof, flashings, and HVAC system in a manner that complies with Harris County building codes. Additionally, UPC refused any additional coverage related to damages in the following areas of the interior: living room, kitchen, closets, half-bathroom, stairs, bedroom, master bedroom, hallway, and master bath.

16. The damage to Plaintiff's Property is currently estimated at $52,413.80.

17. As stated above, Defendant improperly adjusted Plaintiff's claim. Without limitation, Defendant misrepresented the cause of, scope of, and cost to repair damages to Plaintiff's Property, as well as the amount of insurance coverage for Plaintiff's claim or loss under the Policy.

3

18. UPC made these and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth. UPC made these false representations with the intent that Plaintiff act in accordance with the misrepresentations regarding the grossly deficient damage and repair estimates prepared by UPC's agent.

19. Plaintiff relied on Defendant's misrepresentations, including but not limited to those regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property. Plaintiff's damages are the result of Plaintiff's reliance on these misrepresentations regarding coverage, the cause of, scope of, and cost to repair the damage to Plaintiff's Property.

20. Upon receipt of the inspection report from its agent, UPC failed to assess the claim thoroughly. Based upon UPC's grossly unreasonable, intentional, and reckless failure to investigate the claim properly prior to denying coverage, UPC failed to provide coverage due under the Policy, and Plaintiff suffered damages.

21. Because UPC failed to provide coverage for Plaintiff's insurance claim, Plaintiff has been unable to complete any substantive repairs to the Property. This has caused additional damage to Plaintiff's Property.

22. UPC failed to perform its contractual duties to Plaintiff under the terms of the Policy. Specifically, UPC refused to pay any additional proceeds due under the Policy, although due demand was made for an amount sufficient to cover the damaged Property, and all conditions precedent to recover upon the Policy were carried out by Plaintiff.

23. UPC's misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code.

4

Certified Document Number: 69277919 - Page 4 of 14

Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between UPC and Plaintiff.

24. UPC's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). UPC has failed to settle Plaintiff's claim in a fair manner, although UPC was aware of their liability to Plaintiff under the Policy. Specifically, UPC has failed to, in an honest and fair manner, balance its own interests in maximizing gains and limiting disbursements, with the interests of Plaintiff by failing to timely pay Plaintiff coverage due under the Policy.

25. UPC's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). UPC failed to provide Plaintiff a reasonable explanation for denial of the claim.

26. Additionally, after UPC received statutory demand on December 3, 2015, UPC has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

27. UPC's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). UPC refused to provide coverage to Plaintiff under the Policy due to Defendant's failure to conduct a reasonable investigation.

28. Specifically, UPC, through its agents, servants, and representatives, performed an outcome-oriented investigation of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

29. UPC's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of

Certified Document Number: 69277919 - Page 5 of 14

Claims. TEX. INS. CODE §542.055. UPC failed to reasonably accept or deny Plaintiff's full and entire claim within the statutorily mandated time after receiving all necessary information.

30. UPC's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. UPC failed to meet its obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, UPC has delayed full payment of Plaintiff's claim longer than allowed, and Plaintiff has not received payment.

31. Defendant's wrongful acts and omissions forced Plaintiff to retain the professional services of the attorneys and law firm representing Plaintiff with respect to these causes of action.

### CAUSES OF ACTION AGAINST DEFENDANT
### UNITED PROPERTY & CASUALTY INSURANCE COMPANY

### BREACH OF CONTRACT

32. UPC is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between UPC and Plaintiff.

33. UPC's failure and/or refusal to pay adequate coverage as obligated under the Policy, and under the laws of the State of Texas, constitutes a breach of UPC's insurance contract with Plaintiff.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE:
## UNFAIR SETTLEMENT PRACTICES

34. UPC's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

35. UPC's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

36. UPC's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though UPC's liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

37. UPC's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

38. UPC's unfair settlement practice of refusing to pay Plaintiff's full claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(7).

Certified Document Number: 69277919 - Page 7 of 14

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

39. UPC's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are actionable under TEX. INS. CODE §542.060.

40. UPC's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim. TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

41. UPC's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to an insured in insurance contracts.

42. UPC's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, even though UPC knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

43. UPC's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by UPC pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against UPC. Specifically, UPC's violations of the DTPA include, without limitation, the following matters:

   A. By its acts, omissions, failures, and conduct, UPC has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. UPC's violations include, (1)

8

Certified Document Number: 69277919 - Page 8 of 14

        unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.    UPC represented to Plaintiff that the Policy and UPC's adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.    UPC represented to Plaintiff that UPC's Policy and adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.    UPC advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.    UPC breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.    UPC's actions are unconscionable in that UPC took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. UPC's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G.    UPC's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

Certified Document Number: 69277919 - Page 9 of 14

44. Each of the above-described acts, omissions, and failures of UPC is a producing cause of Plaintiff's damages. All of UPC's acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

## FRAUD

45. UPC is liable to Plaintiff for common law fraud.

46. Every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as she did, and UPC knew the representations were false or made recklessly without any knowledge of their truth as a positive assertion.

47. UPC made these statements intending that Plaintiff act upon them. Plaintiff then acted in reliance upon these statements, thereby causing Plaintiff to suffer injury constituting common law fraud.

## KNOWLEDGE

48. Defendant made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

49. Defendant waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

Certified Document Number: 69277919 - Page 10 of 14

## DAMAGES

50. The damages caused to the Property have not been properly addressed or repaired since the claim was made, causing further damage to the Property, and undue hardship and burden to Plaintiff. These damages are a direct result of Defendant's mishandling of Plaintiff's claim in violation of the laws set forth above.

51. Plaintiff currently estimates that actual damages to the Property under the Policy are $52,413.80.

52. Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of the damages sustained. The above described acts, omissions, failures, and conduct of Defendant have caused Plaintiff's damages, which include, without limitation, the cost to properly repair Plaintiff's Property and any investigative and engineering fees incurred.

53. For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of the claim, consequential damages, together with attorney's fees.

54. For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of benefits owed pursuant to the Policy, mental anguish, court costs, and attorney's fees. For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times Plaintiff's actual damages. TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(b)(1).

55. For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of the claim, plus an eighteen percent (18%) per annum penalty on

11

Certified Document Number: 69277919 - Page 11 of 14

that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees. TEX. INS. CODE §542.060.

56. For breach of the common law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendant's breach of duty, such as additional costs, economic hardship, losses due to the nonpayment of the amount UPC owed, exemplary damages, and damages for emotional distress.

57. Defendant's breach of the common law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code. These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages. Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendant for their wrongful conduct, and to set an example to deter Defendant and others from committing similar acts in the future.

58. For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

59. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading. Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the

12

reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

60. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that the damages sought are in an amount within the jurisdictional limits of this Court. As required by Rule 47(c)(3) of the Texas Rules of Civil Procedure, Plaintiffs' counsel states that Plaintiffs seek only monetary relief of no less than $100,000.00, but no more than $200,000.00, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees. A jury will ultimately determine the monetary relief actually awarded, however. Plaintiffs also seek pre-judgment and post-judgment interest at the highest legal rate.

## REQUESTS FOR DISCLOSURE

61. Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendant disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

62. Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiff hereby tenders the appropriate jury fee.

## PRAYER

Plaintiff prays that Defendant, United Property & Casualty Insurance Company, be cited and served to appear, and that upon trial hereof, Plaintiff, Su Chang, recovers from Defendant, United Property & Casualty Insurance Company, such sums as would reasonably and justly compensate Plaintiff in accordance with the rules of law and procedure, as to actual, consequential,

Certified Document Number: 69277919 - Page 13 of 14

and treble damages under the Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and exemplary damages as may be found. In addition, Plaintiff requests the award of attorney's fees for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for pre-judgment and post-judgment interest as allowed by law, and for any other relief, at law or in equity, to which Plaintiff, Su Chang, may show Plaintiff is justly entitled.

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
CWilson@cwilsonlaw.com
Christian E. Hawkins
Bar No. 24092499
CHawkins@cwilsonlaw.com
1322 Space Park Drive, Suite A155
Houston, Texas 77058
Telephone: (832) 415-1432
Facsimile: (281) 940-2137

ATTORNEYS FOR PLAINTIFF

Certified Document Number: 69277919 - Page 14 of 14



I, Chris Daniel, District Clerk of Harris County, Texas certify that this is a true and correct copy of the original record filed and or recorded in my office, electronically or hard copy, as it appears on this date.
Witness my official hand and seal of office this   April 5, 2016

Certified Document Number:        69277919

Chris Daniel, DISTRICT CLERK
HARRIS COUNTY, TEXAS

In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com